Dear Mr. Sternfels:
You have requested an opinion from this office with regard to whether:
 1. The Chief of Police, who has pled guilty to two counts of extortion in Federal court, can be suspended without pay; and
 2. An individual can be appointed to perform the official acts, duties and functions of that office during the period of suspension.
I understand that these crimes are felonies, that the Chief has not, as yet, been sentenced, and thus his "conviction" is not final and that he continues to have a right to appeal.
LSA-R.S. 42:1411 provides, in pertinent part, as follows:
 A. A public officer shall be removed from office for conviction, during his term of office, of a felony.
 B. The conviction for a felony of a public officer shall automatically suspend that individual from his public office without compensation . . . [which] shall continue until the conviction is final and all appellate review of the original trial court proceedings is exhausted. During the period of suspension, the public official shall not perform any official act, duty, or function nor shall he receive any compensation, pay . . .
 C. During this period of suspension, another person shall be appointed to perform the official acts, duties, and function of that office during the period of suspension.
* * *
 E. . . . . If the public official . . . [holds a] municipal office, . . . the governing authority of the local governmental subdivision where the vacancy occurs shall appoint a person to perform the official acts, duties, and functions of the person suspended.
For the purposes of LSA-R.S. 42:1411, the guilty plea has the same effect as a conviction. It is therefore the opinion of this office that, under the circumstances you refer to, the Chief of Police can be, and is, in fact, automatically suspended without pay, and that an individual can be appointed by the governing authority of the Village of Napoleonville to perform the official acts, duties and functions of that office during the period of the Chief's suspension.
Yours very truly
 RICHARD P. IEYOUB, Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
RPI/NWE:pb-1731o